UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Mark E. Schaefer</u>

        v.                          Civil No. 12-cv-159-JD

<u>IndyMac Mortgage Services, et al.</u>


O R D E R


        Mark Schaefer brought state law claims against IndyMac
Mortgage Services; One West Bank, FSB; Federal National Mortgage
Association; and Harmon Law Offices, P.C., which arose from his
attempts to obtain a mortgage loan modification and the
subsequent foreclosure proceedings on his home.  The court
granted the defendants' motions to dismiss.  Schaefer filed a
motion for reconsideration, a motion to amend the motion for
reconsideration, and a motion for a stay pending the decision on
his motion for reconsideration.[1]  The defendants did not file a
response to any of Schaefer's motions.


<u>Discussion</u>

        In support of his motion for reconsideration, Schaefer
contends that the court erred in concluding that his tort claims

---

        [1]Schaefer also filed a notice of appeal that will not become
effective until after Schaefer's motions are resolved.  <u>See</u> First
Circuit Order, Nov. 29, 2012, document no. 31.

are barred by the economic loss doctrine and that the decision denies him a remedy in violation of the policies of the State of New Hampshire.  He moves to amend his motion for reconsideration to clarify that he intended to seek reconsideration pursuant to Federal Rule of Civil Procedure 59.  Schaefer also moves to stay the effect of the order granting the motions to dismiss until the decision on the motion for reconsideration is issued.

A.   Motion to Amend

Schaefer asks to amend his motion for reconsideration by including a reference to Rule 59.  In the motion to amend, Schaefer represents that he sought the assent of the defendants' counsel who did not assent.  The defendants, however, did not file a response to the motion.

Schaefer's amended motion for reconsideration, citing Rule 59, is allowed.

B.   Motion for Reconsideration

A motion for reconsideration faces a high hurdle to succeed. Latin Am. Music Co. v. ASCAP, 642 F.3d 87, 91 (1st Cir. 2011). Under Rule 59(e), the moving party must show "an intervening change in the controlling law, a clear legal error, or newly-discovered evidence."  Soto-Padro v. Pub. Bldgs. Auth., 675 F.3d

2

1, 9 (1st Cir. 2012).  New arguments that could and should have been made before judgment issued do not provide a basis for reconsideration.  <u>Feliciano-Hernandez v. Pereira-Castillo</u>, 663 F.3d 527, 537 (1st Cir. 2011).

Schaefer argues in support of his motion that the court made a clear legal error in holding that his claims were barred by the economic loss doctrine.  He contends that the court erred in failing to hold that Harmon Law Offices and IndyMac Mortgage Services each assumed a duty to provide information to Schaefer that was necessary for his loan modification and reinstatement.  In addition, Schaefer contends that the court should reconsider the decision because that result denies him a remedy, which he asserts is contrary to the policies of the State of New Hampshire, and "runs the risk of inviting any nationally organized lender sued in the Courts of this state to invoke removal jurisdiction, secure in the knowledge that the Federal District Court recognizes no theory of recovery for mortgagees against abusive mortgagors, thus essentially licensing mortgagors to engage in abuse of New Hampshire borrowers without fear of legal ramifications."[2]

---

[2]Schaefer is not proceeding pro se but instead is represented by counsel who presumably understands the distinctions between the judicial and legislative branches of government and the federal court's obligation to apply state law

1.  Economic loss doctrine

Schaefer argues that the court failed to properly consider the exception to the economic loss doctrine for negligent misrepresentations made to those who might reasonably be expected to rely on the representation, as stated in Plourde Sand & Gravel Co. v. JGI Eastern, Inc., 154 N.H. 791, 799-800 (2007).  He contends that qualifying misrepresentations were made because Harmon made a promise to Schaefer to provide a reinstatement or payoff amount and IndyMac sent false instructions to Schaefer in the Milian letter.  Schaefer argues that Harmon and IndyMac would have expected him to rely on those representations.

Schaefer did not allege a claim of negligent misrepresentation against Harmon.  In his opposition to Harmon's motion to dismiss, Schaefer stated: "It is important to note at the outset that the Petitioner asserts only one set of allegations which are directed at the conduct of Harmon in this matter, that is, the allegations set forth at pars. [sic] 16, 39, 59, 61 and 62, and illustrated by Exhibit B to the Petition."  Count II, Negligent Misrepresentation, is set forth in paragraphs 44 through 48 and alleges that IndyMac misrepresented information

---

in a diversity case.

in the Milian letter.  Schaefer alleges nothing about Harmon in his negligent misrepresentation claim.

The order explains that the negligent misrepresentation claim against IndyMac, based on the Milian letter, is not included in the exception from the economic loss doctrine because the letter related to collection of the mortgage debt.  As such, the letter was related to the performance of the mortgage contract, so that even if it were a misrepresentation, the claim is barred by the economic loss doctrine.  Wyle v. Lees, 162 N.H. 406, 411-12 (2011); L'Esperance v. HSBC Consumer Lending Inc., 2012 WL 2122164, at *15-*16 (D.N.H. June 12, 2012).

To the extent Schaefer argues that Harmon's website provided information that amounted to a negligent misrepresentation, that claim is not pleaded in the complaint.  Schaefer also states that the court found a lack of privity between him and the defendants and argues that privity is not required for negligent misrepresentation.  A privity requirement was not discussed in the order and was not the basis for the ruling with respect to Schaefer's negligent misrepresentation claim.[3]

---

[3]Although far from clear, Schaefer may be referring to footnote seven in the order in which the court noted that Harmon, which was serving as counsel to OneWest, did not owe a duty to Schaefer who was not a client and whose interests were adverse to OneWest for purposes of the negligence claim.

Schaefer contends that the court erred in failing to
consider an exception to the economic loss doctrine for a
negligent misrepresentation made "by a defendant who is in the
business of supplying information."  In the order, the court
noted that Schaefer asserted that exception but explained that
the bare reference to that theory, without any developed argument
which would include citation to authority to show that it would
apply in this case, was insufficient to permit the court's
consideration.  Order at 13, footnote 9.  Schaefer asserts that
he discussed the cited exception on pages 5 and 6 of his
opposition to Harmon's motion to dismiss.

On the cited pages, however, Schaefer asserted that Harmon
had assumed duties of care to him.  Schaefer stated the asserted
exception for those in the business of supplying information but
then discussed the application of RSA 479:18 and the
representations made on Harmon's website as assumed duties.[4]
Schaefer did not explain how the claimed exception applied to

---

[4]Schaefer cited <u>Plourde</u>, 917 A.2d at 1257.  On the cited
page, the New Hampshire Supreme Court quoted the <u>Restatement
(Second) of Torts</u> § 552, which states the negligent
misrepresentation exception to the economic loss doctrine.  It
appears that Schaefer's theory of an exception for those in the
business of supplying information may be based on a misreading of
§ 552.

Harmon.  Further, as noted above, Schaefer did not plead a
negligent misrepresentation claim against Harmon.

Schaefer also suggests in a footnote that the court
improperly conflated his equitable and legal claims without
considering whether the equitable claims were not barred by the
economic loss doctrine.  Schaefer is mistaken.  The order
explains that Schaefer sought to recover for economic loss, the
loss of his home and the equity he had in the home, despite his
attempt to characterize his claims as equitable.  The order also
notes that Schaefer failed to cite any authority to support his
theory that his own characterization of his claims would affect
the application of the economic loss doctrine.

Schaefer reiterates his arguments that Harmon assumed a duty
to provide him with a reinstatement amount by providing a
confirmation on its website that his request for a reinstatement
amount had been received and that a reinstatement amount would be
forwarded to him or sent by the lender.  He cites VanDeMark v.
McDonald's Corp., 153 N.H. 743, 757 (2006), and the Restatement
(Second) of Torts, § 324 A, in support of the assumed duty
theory.  Neither was cited in Schaefer's opposition to Harmon's
motion to dismiss, making that authority inapposite here.
Schaefer also argues again that RSA 497:18 provides a statutory
basis for the assumed duty to provide a reinstatement amount.

7

The lack of an assumed duty was addressed in the order, and Schaefer has not shown any legal error.

    2.  <u>Policy</u>

Schaefer assails the dismissal of his claims as an injustice.  He argues that the decision is contrary to the New Hampshire Supreme Court's policy in favor of the rights of mortgagors to challenge abusive procedures by mortgagees.  The cited cases, however, are not analogous to the circumstances presented in this case, and only one of the cases even pertains to a mortgage.  In addition, Schaefer raises the policy issue for the first time in support of reconsideration.

Further, Schaefer challenges the decisions in this case, in <u>Moore v. Mortg. Elec. Registration Sys., Inc.</u>, 848 F. Supp. 2d 107 (D.N.H. 2012), and in <u>L'Esperance</u>, 2012 WL 2122164, as unfair.  His challenge is misplaced.  In each case, the court applied New Hampshire law as provided by the New Hampshire Supreme Court.  Requests for changes in state law are more appropriately directed to the state court or the legislature.

    C.  <u>Motion for Stay</u>

Schaefer asks the court to stay "the effect of its Order of October 16, 2012 pending its consideration of, and decision on

8

his Motion to Reconsider Order on Motions to Dismiss."  Because
this order denies the motion for reconsideration, the motion for
a stay is now moot.


<u>Conclusion</u>

For the foregoing reasons, the plaintiff's motion to amend
(document no. 26) is granted.  The plaintiff's motion for
reconsideration (document no. 25) and the motion for a stay
(document no. 27) are denied.


SO ORDERED.


_____
Joseph A. DiClerico, Jr.
United States District Judge

December 10, 2012

cc:  Thomas R. Lavallee, Esquire
     Walter L. Maroney, Esquire